## No. 148
## JOHNSON, Exec. v. JOHNSON et
### No. 19565. Supreme Court

On motion to certify. Dock. Jan. 14, 1926; 4 Abs. 56.

**1271. . WILLS—Does the probate court have jurisdiction conferred by law to supervise the administration of a testamentary trust?**

Charles F. Johnson, the plaintiff in error, as one of the executors of the estate of Mary Galbreath, brought an action under authority of 10857 GC. in the Stark Common Pleas against the devisees in the will of Mary Galbreath in which he asked for the construction of said will in certain particulars and the judgment and direction of the court, and particularly for an order of sale of certain premises as described in item four of said will if the court held that the executors had authority under said will to sell said premises.

Item 4 of said will reads as follows:

"I give, devise and bequeath to the three grand-children of my sister, Ella B. Grimes, all that tract of land, consisting of 22 acres in the 4th ward of Alliance, Ohio, lying between the property of Ella and Lee C. Grimes on the west, and the lot named in item 3 on the east, and facing West State Street, to be theirs and their heirs unreservedly, in proportions as follows—$1000, from the sale of the aforesaid premises to be paid to Lenora Grimes, daughter of Fred Grimes, upon her attaining legal age. All the rest, residue and

remainder of the amount received from the sale of the aforesaid 22 acres of land to be equally divided, share and share alike, between Carl Fetters and Alfred Fetters to be paid to them upon their attaining legal age. All these sums derived from the sale of said 22 acres to be held in trust for their education and maintenance until they are of legal age. I hereby request that their grandfather, Leroy C. Grimes, act as trustee or guardian for the three of his children named in this item, 4."

At the end of item 8, she provides "that all of these bequests from items 5 to 8 inclusive are to be paid from the proceeds of my bonds, bank accounts and money, and no part of them from the sale of the 22 acre tract named in item 4," and "I hereby nominate and appoint my brother, Charles F. Johnson, and my brother-in-law, Leroy C. Grimes, as co-joint executors of this my last will and testament, requestion and desiring that they shall not be required to give bond for same in any amount."

Leroy C. Grimes declined the appointment as testamentary trustee of his grandchildren, and the Alliance First National Bank was appointed as such by the Stark Probate Court.

The Journal entry in the Common Pleas among other things provides as follows:

"Said will does not authorize or empower the executors of the estate of Mary J. Galbreath to sell said 22 acre tract of land, but that the defendant, the Alliance First National Bank, as trustee for Lenora Grimes, Carl Fetters and Alfred Fetters, has full control, power and authority over said tract of land to be administered by it under the direction of the Probate Court." The Common Pleas was affirmed by the Appeals.

The executor in the Supreme Court contends:

1. That the probate court does not have any jurisdiction to supervise or control the administration of a testamentary trust.

2. That while the will does not expressly give authority to the executors to sell said real estate, yet a construction of the will as a whole, warrants the conclusion that implied authority to do so is therein contained.

Attorneys—V. L. Fishel, Alliance and L. E. Souers, Canton, for executor; Hart and Koehler, Alliance, for devisees.